Hitchcock, J.
The defense relied upon by the plea demurred to, is, that the plaintiff has no legal title to the bill declared upon ; and, by the argument, it seems to have been the intention to have presented the question to the court, whether a promissory note, payable to bearer, is negotiable by delivery, so as to transfer the legal interest therein to the bearer. ■
- Our statute “ making certain instruments of writing negotiable ” (Swan’s Stat. 587) provides, “that all bonds, promissory notes, bills of exchange, foreign aDd inland, drawn by any sum or sums of money certain, and made payable to any person or order, or to any person or bearer, or to any person or assigns, shall be negotiable by indorsement thereon, so as absolutely to*transfer and vest the property thereof, in each and every indorser successively.” A law similar to this has been in force in the state *545 from a very early period. If this wore a recent act, and we were called upon to give^a construction to it, we should unquestionably say that a promissory note, payable to any person or bearer, could not be negotiated except by indorsement thereon. But a contrary practice has prevailed from the time, as well as before the time, of the enactment of the statute. And this ¡practice was introduced upon the supposition that, by the law merchant, which is a part of the common law, such notes were negotiable by delivery. No inconvenience results from this usage, and it would hardly be consistent or proper for us to change it, because it does not exactly accord with our ideas of a proper construction of the statute.
But the difficulty in this case is, that the instrument declared on, is not a promissory note. Tt is an obligation under seal, and said paper does not come within the description of commercial paper. Such paper was not negotiable by the English statute, either by indorsement or otherwise. It is, however, within the provision of our statute, which makes it negotiable paper. But it must be negotiable as the statute directs, and that is by “indorsement thereon.” It is said, however, that it is alleged in the plea that it was negotiated for a valuable consideration. But how negotiated we are not informed, and herein the plea is defective. It does not show that the instrument has been negotiated in such manner as to vest the property in the holder, which could be done only by indorsement thereon.
The demurrer is sustained.